1 | Brian T. Hafter, Esq. (SBN: 173151)
      bhafter@linerlaw.com
2 | LINER GRODE STEIN YANKELEVITZ
    SUNSHINE REGENSTREIF & TAYLOR LLP
3 | 199 Fremont Street, 20th Floor
    San Francisco, CA 94105-2255
4 | Telephone:  (415) 489-7700
    Facsimile:  (415) 489-7701

Gary Franklin, Esq. (*Pro Hac Vice*)
gfranklin@ppeclaw.com
PRIMMER PIPER EGGLESTON & CRAMER PC
150 South Champlain Street
P.O. Box 1489
Burlington, VT 05402-1489
Telephone: (802) 864-0880
Facsimile: (802) 864-0328

Attorneys for Defendants
AVERY LIEBERMAN and
SLEEPING WELL, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SLEEP SCIENCE PARTNERS, INC. a California corporation, | Case No. CV09-4200 CW |
| Plaintiff, | Honorable Claudia Wilken |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| AVERY LIEBERMAN, an individual, SLEEPING WELL, LLC, a Vermont limited liability corporation and Does 1-10 inclusive, | |
| Defendants. | |

Plaintiff SLEEP SCIENCE PARTNERS, INC. ("Plaintiff") and Defendants Avery Lieberman and Sleeping Well, LLC ("Defendants") (collectively the "parties"), by and through their respective counsel, have agreed to the terms of this Protective Order ("Protective Order"). Now, therefore, the Court having been fully advised and for good cause shown, hereby enters the following **ORDER:**

**1.     Purpose of Order.**  The purpose of this Protective Order is to prevent the disclosure of materials or information designated as confidential ("Confidential Information") by one or more of the parties under the terms of this Protective Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties pending any ruling by the Court on the ultimate confidentiality of information or whether it constitutes confidential information as a matter of law.  The Protective Order is necessary to protect the parties' confidential and trade secret information from disclosure and to ensure that case information is not disseminated to third parties.  The privacy interests in such information substantially outweigh the public's right to access to these documents.  Good cause exists for the issuance of this Protective Order under Fed. R. Civ. P. 26.

**2.     Governance.**  This Protective Order shall govern the treatment and handling of all documents, things, answers, responses and information ("Materials") produced or filed by, or obtained from any party or any other person or entity including (without limitation) answers to requests for admissions, answers to interrogatories, documents produced pursuant to a request for production of documents, documents subpoenaed in connection with depositions or otherwise, and deposition transcripts.

**3.     Confidential Information.**  For the purpose of this Order, the term 'CONFIDENTIAL INFORMATION" shall mean any information that any party to this action believes to contain or reflect confidential or personal information, disclosure of which would cause a significant harm to a corporate party's competitive and financial position or, if containing information confidential to an individual, contain such information that is not available to opposing parties outside the formal discovery process, whether memorialized in a document or otherwise

held by a party.  "Confidential information" shall also mean information that a party reasonably believes is subject to the confidentiality rights of a non-party that are protected by statute or rule.

**4.     Designating Materials as Confidential or Highly Confidential – Attorneys' Eyes Only.**  Any party to this action may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Materials, including interrogatory answers or documents produced pursuant to this Order by conspicuously stamping or labeling the Materials, including documents or interrogatory answers with the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only".  Any non-documentary information deemed confidential that is provided in written form shall be sealed in an envelope marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only".  Documents or Materials produced or disclosed by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Parties to this action may also designate deposition testimony in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by advising opposing counsel of record, in writing, within thirty (30) days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes to be Confidential.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.  The court reporter or other official making a transcript of the deposition will be advised to identify those pages of the transcript afforded confidential treatment in the table of contents or other appropriate location at the front of the transcript and shall stamp the pages containing the designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".  In the event that opposing counsel disagrees with any such designation, counsel shall comply with Local Rule 37-1 in order to resolve the dispute.

1  **5.**    **Summaries and Exhibits.**  All summaries and exhibits prepared from information designated as Confidential Information shall be stamped "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by counsel causing them to be prepared.

**6.**    **Disclosure of Confidential Information.**  Any discovery materials which are marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein shall be restricted to the following persons:

 a. Except when designated "Highly Confidential – Attorneys' Eyes Only", the parties, including officers or employees of a party in this case who are assisting counsel in the prosecution or defense of this case.  Any discovery material designated Highly Confidential – Attorneys' Eyes Only, shall be for viewing by the parties' respective outside counsel of record only and shall not be disclosed, disseminated or communicated to any party, nor to any attorney serving as an officer or shareholder of a party or in a capacity as in-house counsel;

 b. Counsel of record in this litigation and counsel's legal and clerical assistants and staff;

 c. Experts and consultants actually retained or employed to consult with, advise, or assist counsel in the preparation or trial of this litigation, provided that any such expert or consultant shall first agree in writing to abide by the terms of this Protective Order and shall sign a Representation of Confidentiality in the form of Exhibit A attached hereto;

 d. Any independent document reproduction services or document or video recording and retrieval services;

 e. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court; and

   f. Any deponent noticed by either party during the course of the deposition; provided, however, that before showing Confidential Information to a deponent, deposing counsel shall first show the Confidential Information to opposing counsel.  If there is a dispute about whether the deponent should reasonably be exposed to, or questioned about, the Confidential Information, the deponent shall not then be shown the Confidential Information until counsel have fully complied with Local Rule 37-1.

  7. Prior to disclosing Confidential Information to persons authorized to receive such Confidential Information under ¶¶ 6 c. and f., counsel for receiving party shall shall (i) provide each person who will receive such Confidential Information with a copy of this Order and (ii) obtain from each such person an executed Representation of Confidentiality in the form attached hereto as Exhibit A ("Representation of Confidentiality"), a copy of which shall be retained by counsel for the receiving party.

  In all cases, all persons having access to Confidential Information made available pursuant to this agreement shall agree not to make any use of such Confidential Information except in connection with this litigation and further shall agree not to deliver or transfer Confidential Information except in connection with this litigation and further shall agree not to deliver or transfer Confidential Information to any person not previously authorized by the terms of this Protective Order.

  **8.** **Binding Effect of This Order.**  This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Order.

  **9.** **Use of Confidential Information.**  The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case.  Any Confidential Information that is produced or disclosed, including documents, shall be used only for purposes of this litigation, and not for any other claims or purposes, whether such claims currently exist or may arise in the future, nor may such information be used for any other existing litigation.  Specifically, the parties and their counsel, however, have the right to use any such information contained in these documents, or the

documents themselves, in the trial of this case after providing opposing counsel notice and the opportunity to address the need for continued confidentiality with the Court.  The parties do not waive any right to object at trial to the admissibility of a document, which falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.  Any Confidential Information that is produced shall be used with respect to this lawsuit only, and may not support or form the basis of any submissions, arguments, evidence, or interviews in any other lawsuit.  Disclosure or use of Confidential Information is prohibited except as provided in paragraph 6 unless written consent from the parties or authorization of the Court is obtained prior to disclosure or use.

**10.**     **Motion to File Under Seal**.  A party filing Confidential Information shall be responsible for filing a Motion to Seal and/or redact that information as appropriate in compliance with Local Rule 79-5.  Such motion shall include a request for the disposition of documents containing Confidential Information at the conclusion of the proceedings.

**11.**     **Return of Confidential Information.**  Upon the final termination of this litigation (either by settlement, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), and upon written request by the other party, counsel shall forward to opposing counsel all Confidential Information previously produced or disclosed.   This includes, but is not limited to the following:  testimony concerning Confidential Information; any extract, summary, or copy of such Confidential Information for which counsel is responsible under the provisions of this paragraph; and any Confidential Information given to any person identified in paragraph 6.  Counsel may retain attorney work product concerning Confidential Information.  The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

**12.**     No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court.  The parties agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

**13.**     By executing this Protective Order the parties certify that prior to the disclosure of any Confidential Information, the proposed recipient of the Confidential Information first will be

1 provided a copy of this Protective Order and be required to execute a verification of their receipt of
2 the same.

3     **14.** All copies of Confidential Information disclosed under this agreement shall be
4 subject to the same restrictions as imposed on the original information.

5     **15.** Any violation of the terms of this Protective Order shall subject the violator to
6 sanctions as determined by the Court.

7 IT IS SO ORDERED:

9 Dated: 3/19/2010

                                       Honorable Claudia Wilken
10                                     Judge, United States District Court

12 Dated: March 10, 2010                 Respectfully submitted,

13                                         THE FLICK GROUP

15                                         By: /S/ Heather Flick
16                                               Heather Flick
                                              Attorneys for Plaintiff
17                                               SLEEP SCIENCE PARTNERS, INC.
                                              SLEEPING WELL, LLC

20 Dated: March 10, 2010                 LINER GRODE STEIN YANKELEVITZ
                                        SUNSHINE REGENSTREIF & TAYLOR LLP

22                                         By: /S/ Brian T. Hafter
23                                               Brian T. Hafter
                                              Attorneys for Defendants
24                                               AVERY LIEBERMAN and
                                              SLEEPING WELL, LLC