IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SLEEP SCIENCE PARTNERS,

    Plaintiff,

  v.

AVERY LIEBERMAN and SLEEPING WELL, LLC,

    Defendants.
                                        /

No. 09-04200 CW

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

    Defendants Avery Lieberman and Sleeping Well, LLC have filed a motion to stay discovery in this case until it has advanced beyond the pleadings stage. Plaintiff Sleep Science Partners opposes the motion. After having considered all of the papers filed by the parties, the Court denies Defendants' motion.

BACKGROUND

    On September 10, 2009, Plaintiff filed its complaint in this action. All of Plaintiff's claims were brought against both Defendants with the exception of a breach of contract claim brought solely against Lieberman. Lieberman answered the complaint, but Sleeping Well filed a motion to dismiss Plaintiff's claims for trade dress infringement, copyright infringement, unfair competition, civil conspiracy and unjust enrichment. Sleeping Well

did not move to dismiss the breach of contract, trade secret misappropriation and false advertising claims brought against it. While the motion was pending, Defendants responded to interrogatories and document requests and Lieberman was deposed. Plaintiff has issued subpoenas to three non-party witnesses seeking document production and is pursuing additional depositions during the first two weeks in June.  Under the Court's current scheduling order, mediation must be completed by June 15 and the fact discovery deadline is July 30, 2010.

On May 10, 2010, the Court issued an order granting Sleeping Well's motion to dismiss the claims for trade dress infringement, copyright infringement, civil conspiracy and unjust enrichment and allowing Plaintiff leave to amend those claims.  The Court denied Sleeping Well's motion to dismiss the common law unfair competition claim.  On May 24, 2010, Plaintiff filed an amended complaint.  The Court awaits Sleeping Well's decision either to answer or file a motion to dismiss.

## DISCUSSION

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time, effort for itself, for counsel, and for litigants."  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).

As noted above, Sleeping Well initially moved to dismiss some, but not all, of the claims brought against it and it has willingly participated in discovery since December 14, 2009.  Sleeping Well did not object to participating in discovery while its motion to

2

dismiss was pending.  However, Sleeping Well changed course in light of the Court's May 10, 2010 order, which dismissed some of Plaintiff's claims with leave to amend.  Sleeping Well now argues that the Court should stay <u>all</u> discovery until the entire case has moved beyond the pleadings stage.

     Plaintiff filed an amended complaint which includes most of the same causes of action as in the original complaint, and Sleeping Well has implied that it will move to dismiss all of the claims that were dismissed from the original complaint.  Sleeping Well asserts, "Under these circumstances, allowing Plaintiff to proceed with discovery is prejudicial and inefficient to Defendants as it forces them to blindly proceed without even knowing what the full scope of the litigation will be."  Motion at 6.  Sleeping Well correctly notes that the full scope of the litigation will not be realized until all causes of action have either been answered or dismissed at the pleading stage.  However, because a motion to dismiss will not resolve the case against any Defendant in its entirety, the stay that Sleeping Well requests is inappropriate. Regardless of the outcome of any future motion to dismiss that Sleeping Well might file, the parties will conduct discovery on the breach of contract, trade secret misappropriation, false advertising and common law unfair competition claims.  These claims and the claims that the Court dismissed with leave to amend all relate to the same transactions, materials or events.  Therefore, staying discovery will unnecessarily delay the case.  Accordingly, the Court denies Defendants' motion to stay.  Nevertheless, hearing no opposition, the Court will delay the mediation deadline to

3

September 15, 2010 and the fact discovery deadline to November 1, 2010.

IT IS SO ORDERED.

Dated: 05/28/10

_____
CLAUDIA WILKEN
United States District Judge