1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10   SLEEP SCIENCE PARTNERS INC.,)
                                )
11           Plaintiff(s),      )      No. C09-4200 CW (BZ)
                                )
12       v.                     )      **ORDER DENYING PLAINTIFF'S**
                                )      **MOTION TO COMPEL**
13                              )
     AVERY LIEBERMAN, et al.,   )
14                              )
             Defendant(s).      )
15   _____)

16       Before me is plaintiff's motion to compel (Docket No.

17   63).  The only remaining issue is whether defendants have

18   waived the attorney-client privilege for certain documents[1]

19   identified in their privilege log.  I find no need for a

20   hearing.  For the reasons explained below, plaintiff's motion

21   to compel is **DENIED,** and defendants are not required to

22   produce any of the privileged documents at issue.

23       Plaintiff initially argued that defendants waived the

24   attorney-client privilege by asserting an advice of counsel

25   defense and by sharing the communications with third-parties.

26   _____

27       [1]    The documents plaintiff seeks are mainly
     communications between defendants and their attorneys
28   regarding the legality of plaintiff's former CEO working for
     defendants.

                              1

1  According to defendants, however, they are not asserting an

2  advice of counsel defense, and plaintiff's reply accepts this

3  position.  Therefore, I only consider the waiver issue.

4      Plaintiff's waiver challenge is evaluated under the

5  "shared burden" approach.  U.S. v. Chevron Corp., 1996 WL

6  444597 at *10-11 (N.D. Cal. 1996).  This means that the party

7  asserting the privilege bears the initial burden to establish

8  the communication is privileged.  Id.  If a party claims there

9  has been a waiver, it bears the burden of establishing a prima

10  facie case of waiver.  Id.  Once this occurs, the party

11  asserting the privilege bears the ultimate burden of proving

12  that the privilege has not been waived.  Id.

13      Here, defendants complied with their initial burden

14  requirement by showing that the documents were between

15  defendants and their attorneys and contained legal advice

16  about whether plaintiff's former CEO could work for

17  defendants.  To meet its prima facie burden of showing waiver,

18  plaintiff contends that defendants had multiple conversations

19  with their investors and plaintiff's former CEO regarding the

20  legal implications of working with the former CEO.  Motion to

21  Compel at 8.  According to the plaintiff, these conversations

22  with third-parties constitute waiver.

23      Plaintiff's contention, however, does not result in

24  defendants waiving their attorney-client privilege.  Merely

25  disclosing the fact that there were communications or that

26  certain subjects were discussed with attorneys does not

27  constitute waiver.  U.S. v. O'Malley, 786 F.2d 786, 796 (7th

28  Cir. 1986); Quiksilver, Inc. v. Kymsta Corp., 247 F.R.D. 579,

1  584 (C.D. Cal. 2007). Rather, the content of the privileged
2  communication with the attorneys must be shared for there to
3  be waiver. Quiksilver, 247 F.R.D. at 584 ("There is a
4  significant difference between indicating the fact or topic of
5  a confidential [communication] with an attorney and revealing
6  its content. The latter effects a waiver of the attorney-
7  client privilege, while the former does not.") (citations
8  omitted). Thus, for plaintiff to meet its prima facie burden
9  it would have to show that defendants shared the actual
10 content of the legal advice they received from their attorneys
11 with third-parties like the investors or plaintiff's former
12 CEO. Plaintiff has not done this. At most, plaintiff shows
13 that defendants disclosed that they had obtained legal advice.
14 Because there is no showing that the content of this legal
15 advice was shared, plaintiff has not met its prima facie
16 burden.

17    Nor is plaintiff's prima facie showing not supported by
18 any declarations or affidavits. See Local Rule 7-5 (factual
19 contentions must be supported by a declaration).[2] This is
20 particularly troubling because plaintiff argues in its reply
21 that defendants have not satisfied their ultimate burden
22 because they have not submitted any declarations or evidence

23

24    [2]  Perhaps plaintiff did not feel it was necessary to
   submit a declaration in support of its allegations because the
25 communications that allegedly constituted waiver were marked
   as confidential. See Motion to Compel at 8, fn. 1.
26 Plaintiff, however, does not explain why a motion to seal
   would not have alleviated its confidentiality concerns.
27 Moreover, even if plaintiff decided to not submit the
   confidential communications, plaintiff was still required to
28 submit a declaration to support the factual allegations it was
   making.

1  to show that communications were not waived.  Reply at 3.  If
2  I accept this argument from plaintiff — which I would have to
3  if I was to rule in its favor — then I must also apply it to
4  plaintiff.  Plaintiff's lack of evidentiary support therefore
5  results in plaintiff not being able to establish its prima
6  facie burden that there was waiver.  Without this prima facie
7  showing, the ultimate burden does not shift back to defendants
8  and they do not need to establish there was no waiver.

9       In its reply, plaintiff raises one new argument that was
10  not discussed in its moving papers.  Plaintiff contends that
11  defendants' privilege log is deficient and certain documents
12  are not privileged.  While it may be that some documents are
13  not privileged,[3] plaintiff should have raised this challenge
14  it in its moving papers.  By first raising it in its reply,
15  plaintiffs improperly deprived defendants of the opportunity
16  to respond.  See U.S. v. Romm, 455 F.3d 990, 997 (9th Cir.
17  2005) ("arguments not raised by a party in its opening brief
18  are deemed waived").[4]

19       For the foregoing reasons, plaintiff's motion to compel
20
21  _____

22       [3]    For instance, defendants' designation of an e-mail
from plaintiff's former CEO to defendants was identified as
privileged even though there were no attorney senders or
23  recipients.  Declaration of Alice A. Kelly: Ex. G, Bate Stamp
SW04331.
24

       [4]    For the same reason, I do not consider plaintiff's
25  submission in its reply of the investor's deposition.  Reply
at 3.  This submission, once again made without a declaration,
26  comes too late since plaintiff is required to make its prima
facie showing in its moving papers (so that the ultimate
27  burden may shift to defendants in the opposition).  In any
event, excerpts from the deposition only show that defendants
28  obtained legal advice and not that the actual content of the
legal advice was disclosed.

1 | is **DENIED**.  Both parties also seek an award of attorneys'
2 | fees incurred in this discovery dispute.  These requests are
3 | improper because they do not comply with Local Rules 7-8(a)
4 | and 37-3 which require motions for sanctions to be filed
5 | separately and the expenses requested to be itemized.[5]  As
6 | such, the requests for sanctions are **DENIED**.

7 | Dated: October 25, 2010

8 |

9 | Bernard Zimmerman
United States Magistrate Judge

10 |

11 | G:\BZALL\-REFS\SLEEP SCIENCE V. LIEBERMAN\DISCOVERY ORDER (MOTION TO COMPEL).wpd

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | _____

28 |      [5]    Plaintiff is also not entitled to attorneys' fees
because its motion is denied.

5