1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   SLEEP SCIENCE PARTNERS INC.,)
                                 )
12           Plaintiff(s),       )         No. C09-4200 CW (BZ)
                                 )
13      v.                       )
                                 )         **ORDER DENYING PLAINTIFF'S**
14                               )         **ADMINISTRATIVE MOTION FOR**
     AVERY LIEBERMAN, et al.,    )         **RELIEF FROM PRIOR SEALING**
15                               )         **ORDERS**
             Defendant(s).       )
16   _____)

17        Plaintiff's administrative motion for relief requesting

18   me to seal previously filed documents (Docket No. 113) is

19   **DENIED**.[1]  The motion is neither a motion for reconsideration

20   under Local Rule 7-9 nor a motion for relief under FRCP 60.

21   To the extent plaintiff seeks relief under FRCP 60, it did not

22   specify the grounds.  Assuming it is claiming excusable

23   neglect, failing to follow the law is not excusable.  Engleson

24   v. Burlington Northern R. Co., 972 F.2d 1038, 1043-44 (9th

25   Cir. 1992).

26   _____

27        [1]   Plaintiff's administrative motion seeks to seal
     previously filed documents in connection with defendants'
28   motion for sanctions, including the moving papers (Docket No.
     88) and the reply (Docket No. 100).

                                   1

1    Rising above plaintiff's multiple procedural errors, the
2  request to seal documents is denied for failure to make the
3  showing as required by <u>Foltz v. State Farm Mut. Auto. Ins.</u>
4  <u>Co.</u>, 331 F.3d 1122 (9th Cir. 2003) and <u>Contratto v. Ethicon,</u>
5  <u>Inc.</u>, 227 F.R.D. 304, 307-08 (N.D. Cal. 2005). Specifically,
6  the fact that information was produced pursuant to a
7  protective order or was labelled confidential by one party is
8  not by itself a grounds for sealing a public document.
9  Moreover, some of plaintiff's efforts to seal information
10 shows complete disregard for the sealing process. Rather than
11 following Local Rule 79-5's requirement that sealing requests
12 be narrowly tailored, plaintiff attempts to seal entire
13 documents. For instance, plaintiff seeks to seal its initial
14 and supplemental Rule 26 disclosures that defendants filed as
15 exhibits to their moving papers (Docket No. 88-1). Instead of
16 requesting that only the disclosed witnesses' phone numbers
17 and addresses be redacted, plaintiff asks to seal the entirety
18 of all of its Rule 26 disclosures. This broad request is
19 improper. While there may be information in plaintiff's
20 documents that can be properly sealed, because the plaintiff
21 has not made a good faith effort to narrowly tailor its
22 request and comply with Local Rule 79-5, the entire request is
23 **DENIED.** Defendants shall comply with Local Rule 79-5(e) as
24 previously ordered. Both parties are admonished to
25 ///
26 ///
27 ///
28 ///

2

1 | carefully comply with the Local Rules henceforth or face

2 | sanctions.

3 | Dated: January 18, 2011

4 |

5 | Bernard Zimmerman
   | United States Magistrate Judge

6 |

7 | G:\BZALL\-REFS\SLEEP SCIENCE V. LIEBERMAN\ORDER RE SEALING.wpd

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |