UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEEP SCIENCE PARTNERS INC., <br>       Plaintiff(s), <br>   v. <br> AVERY LIEBERMAN, et al., <br>       Defendant(s). | No. C09-4200 CW (BZ) <br><br> **ORDER RE: MOTION FOR SANCTIONS** |

Before the Court is defendants' motion under Rule 37(c) for an Order precluding plaintiff from presenting most if not all of its damages case for failing to have made full disclosure of its damages as required by Rule 26(a)(1)(A)(iii) and thereafter failing to supplement its disclosures, and for failing to produce documents in response to a request for production. Having reviewed the papers and following a lengthy hearing, I find as follows:

    1. Plaintiff violated the rules requiring voluntary disclosure by failing in its December 14, 2009 Initial Disclosures to produce a computation of damages. It had at least some information then available about what reasonable

1

1  royalty it might expect and about its lost profits.

2      2.  Defendants were fully aware in December of 2009 that
3  plaintiff had not fully complied with the disclosure rules but
4  did not bring this matter to the Court's attention or
5  otherwise seek adequate disclosures.

6      3.  In its Initial Disclosures, plaintiff did offer to
7  make available documents to support its damages claim, as it
8  is permitted to do under Rule 26, but defendants chose not to
9  inspect them.  That plaintiff had documents in support of its
10 damages claim undermines its position that it did not have
11 sufficient information to provide a computation of damages.

12     4.  Defendants apparently never filed an interrogatory
13 asking plaintiff to document its damages.  Defendants did file
14 a request for production of documents concerning plaintiff's
15 damages, even though it had not bothered to inspect the
16 documents made available in December.  On April 9, 2010,
17 plaintiff responded to the request with a series of objections
18 and did not agree to produce any documents in response to the
19 request, even those it was prepared to produce in December as
20 part of its Initial Disclosures.  Defendants did not move to
21 compel production of documents.  Having failed to obtain an
22 order compelling production, defendants are not now in a
23 position to seek terminating evidentiary sanctions for a
24 failure to produce documents.  <u>Compare</u> Rule 37(a) <u>and</u> Rule
25 37(b); <u>see</u> <u>Unigard Security Ins. Co. v. Lakewood Eng. & Mfg.</u>
26 <u>Corp.</u>, 982 F.2d 363, 367-68 (9th Cir. 1992).

27     5.  Plaintiff twice supplemented its Initial Disclosures,
28 as required by Rule 26(e), demonstrating an awareness of its

disclosure obligations.  However, it never provided a computation of damages, only stating in conclusory fashion its damage theories.

6.  I find that both sides have failed to engage in discovery in good faith and both sides have violated Rule 1 by not applying the rules on disclosure and discovery in a manner calculated "to secure the just, speedy, and inexpensive determination" of this lawsuit.  Plaintiff plainly and repeatedly violated the disclosure rules by not providing a computation of damages based on such information was readily available to it.  Even though defendants argue that plaintiff's failures were readily apparent the importance of and early disclosure of damages, (motion pp. 6-7), they took no action to require further disclosures and did not move to compel the production of documents.  Instead, they waited until discovery closed and filed this motion for exclusionary sanctions.

7.  Plaintiff's failure to make adequate disclosure was not substantially justified.  Plaintiff's proffered excuses, such as it did not have full and precise information or that defendants were not making their disclosures, are unacceptable under Rule 26(a)(i)(E).

8.  Defendants suffered prejudice since they were denied an opportunity to conduct adequate discovery on plaintiff's damages and an adequate opportunity to assess their exposure prior to mediation.  That said, their prejudice was somewhat self-induced.  While defendants may not have an obligation to "force SSP [plaintiff] to put its case together," (Reply at 2)

3

Rule 26(a)(1)(C) contemplates that objections to inadequate disclosure will be raised and resolved at the initial discovery and case management conferences.  Seeking preclusionary sanctions without bringing an obvious failure to the Court's attention, and without seeking to take further discovery on a crucial issue, is not what Rules 1 and 26 contemplate.

If I had the authority to reopen discovery I would do so. Since that decision is Judge Wilken's, I will enter an Order with alternatives.

**IT IS THEREFORE ORDERED** as follows:

1. If Judge Wilken elects not to reopen discovery, defendants' motion is **GRANTED** to the extent that plaintiff is precluded from introducing evidence in support of its claims to recover a reasonable royalty and to recover lost profits. The motion is **DENIED** with respect to plaintiff's claim to recover unjust enrichment since defendants' unjust enrichment is largely driven by the discovery defendants produced and defendants have produced no evidence to suggest that plaintiff was in a position to provide a computation of the unjust enrichment claim before it did.  Defendants' motion is otherwise **DENIED** in all respects.

2. In the event Judge Wilken chooses to reopen discovery, the motion for preclusionary sanctions is **DENIED**. Instead, plaintiff shall within **7 days** of Judge Wilken's ruling provide a declaration of its President or Chief Executive Officer that plaintiff has produced all documents in its possession or control which relate to any of its damage

4

Case 4:09-cv-04200-CW   Document 126   Filed 01/18/11   Page 5 of 5

claims. If it has not, it must produce all such documents within **15 days** of Judge Wilken's ruling. If defendants conclude that they need to take new depositions or re-take depositions based either on the information that plaintiff produces pursuant to this paragraph or based on information that plaintiff withheld until it was too late to take meaningful discovery before the discovery cutoff, defendants may take such depositions. The depositions will be taken in the Bay Area, unless the parties otherwise agree, and plaintiff will pay the costs of the reporting and transcription service. In addition, plaintiff will pay defendants reasonable attorneys' fees and costs incurred in obtaining this Order.

Dated: January 18, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SLEEP SCIENCE V. LIEBERMAN\ORDER GRANTING MOTION FOR SANCTIONS.FINAL VERSION 2.wpd
5