IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SLEEP SCIENCE PARTNERS, INC., a
California corporation,

    Plaintiff,

  v.

AVERY LIEBERMAN, an individual;
KATRINA WEBSTER, an individual;
DANIEL WEBSTER, an individual; and
SLEEPING WELL, LLC, a Vermont limited
liability corporation,

    Defendants.
_____/

No. C 09-04200 CW

ORDER GRANTING IN
PART PLAINTIFF'S
MOTION FOR LEAVE
TO AMEND (Docket
No. 146)

    Plaintiff Sleep Science Partners, Inc., moves for leave to file a Third Amended Complaint.  Defendants Katrina Webster, Daniel Webster and Sleeping Well, LLC, oppose the motion.  Having considered all of the papers filed by the parties, the Court GRANTS the motion in part.

BACKGROUND

    Plaintiff filed the initial complaint in this action on September 10, 2010, alleging, among others, causes of action for trade dress infringement (first cause of action) and copyright infringement (second cause of action) for Defendants' alleged copying of Plaintiff's website.  On May 10, 2010, the Court granted Defendants' motion to dismiss both claims.  On May 24, 2010, Plaintiff filed the First Amended Complaint, re-alleging trade dress infringement and on June 14, 2010, with the Court's leave, filed the operative Second Amended Complaint (SAC) re-alleging the

1  copyright infringement claim in addition to the trade dress claim.
2  Plaintiff now moves for leave to file a Third Amended
3  Complaint (TAC) so that it may dismiss the second cause of action
4  without prejudice, pursuant to Federal Rule of Civil Procedure
5  15(a)(2). Defendants oppose the motion, contending that the Court
6  should exercise its discretion under Federal Rule of Civil
7  Procedure 41(a) to require that dismissal be with prejudice.

## LEGAL STANDARD

A plaintiff wishing to eliminate a particular claim from the action should amend the complaint under Rule 15(a) rather than move to dismiss it under Rule 41(a). See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988). Nonetheless, the Ninth Circuit has suggested that the differences between Rule 15(a) and Rule 41(a) are immaterial. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("We agree with the Federal Circuit, however, that . . . . '[t]he fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction.'" (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)). Thus, in many instances, procedures for and effects of amendment under Rule 15(a) are the same as a voluntary dismissal under Rule 41(a). For example, both rules (1) may be invoked as of right before the service of an answer, (2) are addressed to the discretion of the court where leave is required, (3) require that leave be granted freely unless the defendant is prejudiced, and (4) permit the court to deny leave or impose conditions if leave is granted. See 8 Moore's Federal Practice

2

§ 41.21[2] (Matthew Bender 3d ed.).

After a responsive pleading has been filed, a party may amend the pleading only with leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend should be granted freely when justice requires, absent a substantial reason to deny it. See Ascon Properties, Inc. v. Mobile Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay is "not alone enough to support denial." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Of the four Foman factors, the final one, prejudice to the party opposing an amendment, "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Legal prejudice is defined as "prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

Similarly, Rule 41 grants courts "broad discretion" in determining whether to grant a motion to dismiss. See Russ v. Standard Ins. Co., 120 F.3d 988, 989 (9th Cir. 1997). The court may grant the motion "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court also has discretion to require that any dismissal be with prejudice "where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the

3

action." Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766 (9th Cir. 1995).

DISCUSSION

I.   Dismissal

Defendants do not oppose dismissal of Plaintiff's second cause of action, but they oppose dismissal without prejudice. Defendants argue that allowing dismissal without prejudice would be prejudicial and unfair because they would lose the opportunity to be awarded "prevailing party" status on Plaintiff's Copyright Act claim and recover attorneys' fees under 17 U.S.C. § 505. Defendants also argue that avoiding this result is Plaintiff's true motivation for seeking dismissal without prejudice, because any reassertion of Plaintiff's Copyright Act claim would be barred by the doctrine of res judicata.

Plaintiff does not address these contentions directly, but contends that it is seeking dismissal to narrow the issues for trial, and that Defendants have not met their burden of showing prejudice.

A.   Res Judicata

Defendants argue that dismissal with prejudice is appropriate because Plaintiff's copyright claim will be barred in any event by res judicata. "Res judicata bars a suit when 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 967 (9th Cir. 2010) (quoting Allen v. McCurry, 449 U.S. 90, 94

4

1  (1980)).  Res judicata applies "when there is '(1) an identity of
2  claims; (2) a final judgment on the merits; and (3) identity or
3  privity between parties.'"  ProShipLine, 609 F.3d at 967 (quoting
4  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002)).

5  To determine whether an identity of claims exists, a court
6  considers four factors: "(1) whether the two suits arise out of <u>the
7  same transactional nucleus of facts</u>; (2) whether rights or
8  interests established in the prior judgment would be destroyed or
9  impaired by prosecution of the second action; (3) whether the two
10 suits involve infringement of the same right; and (4) whether
11 substantially the same evidence is presented in the two actions."
12 ProShipLine, 609 F.3d at 967 (emphasis in original) (quoting Mpoyo
13 v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)).
14 "Whether two suits arise out of the 'same transactional nucleus'
15 depends upon 'whether they are related to the same set of facts and
16 <u>whether they could conveniently be tried together</u>.'"  ProShipLine,
17 609 F.3d at 967 (emphasis in original) (quoting W. Sys., Inc. v.
18 Ulloa, 958 F.2d 864, 871 (9th Cir. 1992)).

19 Defendants point out that Plaintiff will be barred from
20 reasserting its copyright claim in any subsequent litigation
21 because the claim is based on the same allegation as Plaintiff's
22 trade dress claim: that Defendants copied Plaintiff's website.
23 Plaintiff does not argue otherwise.  Nor does Plaintiff indicate an
24 intention to reassert the copyright claim in future litigation.
25 Plaintiff's only explanation of its motion is that it seeks to
26 narrow the scope of the trial, expedite disposition of the case,
27 and discourage wasteful pre-trial activities.  All of these goals

5

would be served by a dismissal without prejudice as well as a dismissal with prejudice.

B.   Prejudice

As noted above, Defendants argue that Plaintiff seeks dismissal without prejudice to deny Defendants the opportunity to seek attorneys' fees under the Copyright Act.  Defendants argue that they will lose this opportunity if dismissal is granted without prejudice, and that the loss of this opportunity is sufficiently prejudicial to require that dismissal be with prejudice.

Defendants contend that they have a legal interest in being granted prevailing party status because they have been forced to litigate Plaintiff's copyright claim for nearly two years. Plaintiff cites Serpa v. SBC Telecommuncations, Inc., for the proposition that "[t]he party opposing leave to amend bears the burden of showing prejudice."  318 F. Supp. 2d. 865, 870 (N.D. Cal. 2004).  However, Plaintiff ignores entirely Defendants' argument regarding prejudice, and contends that Defendants have only identified a single Foman factor, undue delay, that weighs against granting its motion.

Plaintiff is correct that delay is "not alone enough to support denial."  Morongo, 893 F.2d at 1079.  However, Plaintiff is mistaken that Defendants' opposition relies solely on undue delay.

Plaintiff has failed to rebut Defendants' argument that they will be prejudiced.  Accordingly, any dismissal of Plaintiff's Second Cause of Action must be with prejudice.

6

II. The Merits of Plaintiff's Copyright Claim

Both parties devote considerable space in their briefs to arguing the merits of Plaintiff's copyright claim. Defendants suggest that dismissal with prejudice is appropriate because Plaintiff's claim is meritless and never should have been brought in the first place. In its Reply, Plaintiff argues vigorously against Defendants' legal and factual assertions regarding the claim.

Notably, Defendants point out that Plaintiff has not employed an expert to assist in proving its copyright claim. Plaintiff argues that no expert would be required to challenge the assertions of Defendants' expert, and that it is "prepared to challenge those assertions" in opposing Defendants' motion for summary judgment and "before trial."

It is not clear why Plaintiff would seek to dismiss a claim it apparently believes is meritorious. Plaintiff may elect not to file its TAC if it prefers to proceed on the merits of the claim.

III. Third Amended Complaint

Defendants also point out that Plaintiff's proposed TAC contains allegations of misappropriation of copyrighted works, justifies this Court's jurisdiction based in part on the Copyright Act, reasserts claims against Defendant Avery Lieberman, who has been dismissed from the case, and fails to attach any of the exhibits to which the TAC refers. Plaintiff offers no explanation for these apparent oversights. If Plaintiff chooses to file the TAC, before doing so, Plaintiff shall strike all references to parties and claims that have been dismissed, and attach all

7

exhibits to which the complaint refers.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED in part. (Docket No. 146.) The motion is granted on the conditions that (1) dismissal of Plaintiff's copyright claim will be with prejudice, and (2) Plaintiff will strike all references to dismissed parties and claims and include all exhibits to which the complaint refers. If Plaintiff accepts these conditions, Plaintiff may file the Third Amended Complaint within three days of the date of this order. Defendants need not file a new answer and may not file a motion to dismiss. If Plaintiff elects not to file the Third Amended Complaint, the Second Amended Complaint will remain the operative pleading.

IT IS SO ORDERED.

Dated: July 7, 2011

CLAUDIA WILKEN
United States District Judge

8